## HOLMES v. SMITH.

*Surrogate — when district attorney may act as — failure of special surrogate to file bond — statutory construction.*

It was the intention of the legislature (Laws 1871, chap. 859, § 8) that there should always be some person competent to act as surrogate, and where the county judge and surrogate was disqualified, and the special county judge had not given and was unable to give the bond required by law; *held*, that the district attorney was authorized to act. The words " when there is no legal officer authorized to perform"; *Held*, to mean " when there is no officer legally authorized to perform."

APPEAL by Dennis Holmes, administrator of the estate of Ira Dibble, deceased, and another, from an order of the district attorney of Chenango county, acting as surrogate of said county, denying an application of the appellant for an order to sell real estate for the payment of the debts of the deceased.

The order was refused upon the ground that said district attorney had no jurisdiction to entertain the application and make the order. The facts were these. In Chenango county the duties of the sur-

rogate and county judge are performed by one person, who in this case was disqualified from acting by reason of interest. There is a special county judge appointed for said county, but the person appointed had never filed the bond required by law, and was in fact unable to do so. After a request to said special county judge to comply with the law as to filing a bond, and his neglect to do so, the application mentioned was made to the district attorney upon a petition, setting forth all the facts mentioned. The only question in the case was the one of jurisdiction. The respondents are Lutheria Smith and others, next of kin, heirs at law, and creditors of the deceased.

*George W. Ray,* for appellants.

*E. H. Prindle,* for respondent, Daniel P. Dibble.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

BY THE COURT. We think that the intention of the legislature must have been that there should, as far as possible, always be some person competent to act as surrogate. The words " when there is no legal officer authorized to perform," etc., may, without force, be construed " when there is no officer legally authorized to perform," etc. It is not desirable in order to defeat the administration of justice to suppose that " legal "·was a mistake for " local."

The order should be reversed, and the district attorney ordered to proceed in the matter with costs to the appellants, payable out of the estate.

*Ordered accordingly*